UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CHRISTOPHER F. KEMLAGE,

                      Plaintiff,

    -against-

PETER DeFOREST, individually, MICHAEL BILLENS, individually, and the TOWN OF UNION VALE, New York,

                      Defendants.
-----------------------------------------------------------x

**ANSWER**

Docket No.
07 Civ. 6366 (KMK)

Defendants,[1] by their attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS, LLP, as and for their answer to the complaint in the above-captioned action, set forth as follows:

1.    Deny the allegations contained in ¶ "1" of the complaint, and refer all questions of law to the Court for adjudication.

2.    Affirmatively state that there is no paragraph in the complained numbered "2".

3.    Deny the allegations contained in ¶ "3" of the complaint, and refer all questions of law to the Court for adjudication.

4.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ "4" of the complaint, except admit that plaintiff was employed by the Defendant Town in its Highway Department.

5.    Deny the allegations contained in ¶ "5" of the complaint, and refer all questions of law to the Court for adjudication.

6. Deny the allegations contained in ¶ "6" of the complaint.

7. Admit the allegations contained in ¶ "7" of the complaint.

8. Deny the allegations contained in ¶ "8" of the complaint.

9. Deny the allegations contained in ¶ "9" of the complaint.

10. Deny the allegations contained in ¶ "10" of the complaint.

11. Deny the allegations contained in ¶ "11" of the complaint.

12. Deny the allegations contained in ¶ "12" of the complaint.

13. Deny the allegations contained in ¶ "13" of the complaint.

14. Deny the allegations contained in ¶ "14" of the complaint.

15. Deny the allegations contained in ¶ "15" of the complaint.

16. Deny the allegations contained in ¶ "16" of the complaint.

17. Deny the allegations contained in ¶ "17" of the complaint.

18. Deny the allegations contained in ¶ "18" of the complaint.

19. Deny the allegations contained in ¶ "19" of the complaint.

20. Deny the allegations contained in ¶ "20" of the complaint.

21. Deny the allegations contained in ¶ "21" of the complaint.

22. Deny the allegations contained in ¶ "22" of the complaint.

## FIRST CLAIM

23. As and for a response to the allegations contained in ¶ "23" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "22" of the complaint, as though they were fully set forth herein.

---

[1] Defendant Michael Billen is incorrectly sued herein as "Michael Billens."

24. Deny the allegations contained in ¶ "24" of the complaint, and refer all questions of law to the Court for adjudication.

## SECOND CLAIM

25. As and for a response to the allegations contained in ¶ "25" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "22" of the complaint, as though they were fully set forth herein.

26. Deny the allegations contained in ¶ "26" of the complaint, and refer all questions of law to the Court for adjudication.

## THIRD CLAIM

27. As and for a response to the allegations contained in ¶ "27" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "22" of the complaint, as though they were fully set forth herein.

28. Deny the allegations contained in ¶ "28" of the complaint, and refer all questions of law to the Court for adjudication.

## FOURTH CLAIM

29. As and for a response to the allegations contained in ¶ "29" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "22" of the complaint, as though they were fully set forth herein.

30. Deny the allegations contained in ¶ "30" of the complaint, and refer all questions of law to the Court for adjudication.

## FIFTH CLAIM

31. As and for a response to the allegations contained in ¶ "31" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "19", "20", and "21" of the complaint, as though they were fully set forth herein.

32. Deny the allegations contained in ¶ "32" of the complaint, and refer all questions of law to the Court for adjudication.

## FIRST AFFIRMATIVE DEFENSE

33. Plaintiff's complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

34. The individual defendants are protected by qualified immunity.

## THIRD AFFIRMATIVE DEFENSE

35. Plaintiff's speech failed to relate to a matter of public concern.

## FOURTH AFFIRMATIVE DEFENSE

36. Plaintiff's speech was uttered pursuant to his official duties. See Garcetti v. Ceballos, ___U.S.___, 126 S.Ct. 1951 (2006).

## FIFTH AFFIRMATIVE DEFENSE

37. Plaintiff's complaint does not allege – and he cannot prove – that he was treated differently than anyone else similarly situated.

## SIXTH AFFIRMATIVE DEFENSE

38. Plaintiff's rights were not deprived pursuant to a policy, practice, custom or procedure of the Town of Union Vale, New York.

Dated: Mineola, New York
August 1, 2007

MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS, LLP

Attorneys for Defendants

By: _____
BRIAN S. SOKOLOFF (bss-7147)
240 Mineola Boulevard
The Esposito Building
Mineola, New York 11501
(516) 741-7676
Our File No. 07-501

TO: LOVETT & GOULD, LLP
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, New York 10605

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK        )
                         ) s.s.:
COUNTY OF NASSAU         )

**MERLISA ANDREWS**, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Jamaica, New York.

That on September 4, 2007, deponent served the within **ANSWER** upon:

LOVETT & GOULD, LLP
222 Bloomingdale Road
White Plains, New York 10605

the addresses designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
**MERLISA ANDREWS**

Sworn to before me this 4th day
Of September, 2007.

_____
NOTARY PUBLIC

BRIAN S. SOKOLOFF
Notary Public, State of New York
No. 02SO4914710
Qualified in Queens County
Commission Expires November 23, 2009